<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. TUCKER, | Civil No. 98-5036 (GEB) |
| Plaintiff, | |
| v. | **OPINION** |
| MAPLE VALLEY FARM, INC., and VIRGIL HALL, | |
| Defendants. | |

      This matter comes before the Court upon plaintiff Robert Tucker's ("Plaintiff") motion to clarify civil judgment pursuant to Federal Rules of Civil Procedure Rule 60(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Plaintiff's motion.

**I.**    **BACKGROUND**

      On or about February 21, 1998, Plaintiff purchased from defendant Maple Valley Farm, Inc. a broodmare horse named Tambourine, which horse was in foal at the time. (Torkelson Decl. Ex. A at 2) After Tambourine was delivered to Plaintiff, the horse experienced various medical problems. (*Id.*) As a result of these medical problems, Plaintiff incurred various medical expenses in treating and caring for Tambourine. (*Id.* at 2-4)

      On November 6, 1998, Plaintiff filed a complaint in this Court against Maple Valley Farm and its owner at the time, Mr. Virgil Hall, (collectively "Defendants") for breach of contract in their sale of Tambourine. On or about September 21, 1999, this matter was submitted to arbitration pursuant to Local Civil Rule 201.1. On or about November 10, 1999, the arbitrator issued a decision in favor of Plaintiff. The arbitrator found that Tambourine "underwent surgery and suffered serious medical problems thereafter," that "the horse's usefulness and value as a

broodmare is 'extremely compromised,'" and that "[t]he foal was born undersized." (*Id.* at 2) The arbitrator further found that as a result of Tambourine's medical problems, "the horse was not fit for the purpose for which it was sold," and that "the defendant was aware of this and failed to disclose it to the plaintiff." (*Id.*) Based on these findings, the arbitrator granted Plaintiff an award consisting of: (a) $57,500.00 in returned payments; (b) $36,271.33 in expenses incurred in connection with the care of Tambourine; (c) $8,834.20 in expenses incurred in connection with the care of Tambourine's foal; (d) additional instructions to reduce the award by the price of the foal; and (e) instructions that Plaintiff return Tambourine to Defendants ("Arbitration Award"). (*Id.* at 4) On December 29, 1999, this Court entered judgment in favor of Plaintiff according to the terms of the Arbitration Award ("Judgment").

On or about February 18, 2000, Plaintiff filed the Judgment in the United States District Court of the Southern District of Ohio, which court issued a writ of execution against Defendants to enforce the Judgment. (Torkelson Decl. ¶¶16-17, Ex. C.) On or about September 29, 2005, Defendant Mr. Hall filed a motion in the Ohio district court to correct and/or strike the February 18, 2000 writ of execution. (Torkelson Decl. ¶33, Ex. H.) That motion remained pending at the time Plaintiff filed the instant motion.

## II.   DISCUSSION

Federal Rules of Civil Procedure Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6). "The general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

The Third Circuit Court of Appeals "has consistently held that the Rule 60(b)(6) ground

for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir. 1988)). Indeed, "[a] party seeking such relief [under Rule 60(b)(6)] must bear a heavy burden of showing circumstances so changed . . . that, absent such relief an 'extreme' and 'unexpected' hardship will result." *Hodge v. Hodge*, 621 F.2d 590, 593 (3d Cir. 1980) (citations omitted). Moreover, although "[r]elief under 60(b)(6) is not limited by any strictly defined time period," such relief "can be afforded under this rule if it is sought 'within a reasonable time.'" *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

Plaintiff's current motion seeks clarification of the Judgment entered on December 29, 1999. That Judgment was filed on February 18, 2000 in the District Court of the Southern District of Ohio, which court issued a writ of execution against Defendants to enforce the Judgment. Defendant Mr. Hall has since moved in the Ohio district court to correct and/or strike the writ of execution, which motion was still pending when the instant motion was filed. Plaintiff did not file the current motion to clarify the Judgment until November 4, 2005, almost six (6) years after entry of the Judgment and more than five (5) years after the Ohio district court issued the writ of execution. Based on these facts, the Court finds that Plaintiff has failed to seek relief pursuant to Rule 60(b)(6) within a reasonable time. The Court also finds that Plaintiff has failed to demonstrate exceptional circumstances as required for relief pursuant to Rule 60(b)(6).

### III.   CONCLUSION

For the above reasons, Plaintiff's motion to clarify civil judgment is denied. An appropriate form of order is filed herewith.

Dated:   January 23, 2006.

                                               s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.